UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD SATISH EMRIT,<br><br>      Plaintiff,<br><br>v.<br><br>SPECIAL AGENT IN CHARGE OF THE FBI, *Special Agent in Charge of SDNY*.,<br><br>      Defendant. | Civil Action No. 22-06713 (JXN)(MAH)<br><br><br>**OPINION** |

**NEALS**, District Judge

  This matter comes before the Court upon *pro se* Plaintiff Ronald Satish Emrit's ("Plaintiff") Complaint (ECF No. 1) and application to proceed *in forma pauperis* (the "IFP Application") (ECF No. 1-3). Based on the information contained in Plaintiff's IFP Application, the Court finds that leave to proceed in this Court without prepayment of fees is warranted. As the Court grants Plaintiff's IFP Application, the Complaint is subject to *sua sponte* screening by the Court pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the Court will dismiss the Complaint.

  **I. BACKGROUND**[1]

  Plaintiff filed his Complaint against the Special Agent in Charge of the New York field office of the Federal Bureau of Investigation (the "FBI") on November 21, 2022. (*See* Compl. ¶ 2, ECF No. 1.) As best the Court can construe, Plaintiff alleges that in 1999, he and his friend traveled to Cuba. (Compl. ¶ 18.) In 2009, Plaintiff sought a license to travel to Cuba and visit a political prisoner. (Compl. ¶ 19.) He contacted Senator Mikulski, the Office of Foreign Assets Control, and

---

[1] The following facts are taken from the Complaint and assumed to be true for screening purposes. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).

the Swiss Embassy. (*Id.*) Finally, in 2020, Plaintiff communicated with someone from Las Tunas, Cuba. (Compl. ¶ 20.)

Plaintiff alleges the FBI conducts surveillance on thousands, if not millions, of Americans because these Americans communicate with the Cuban embassy. (Compl. ¶ 24.) Plaintiff asserts that "neither the FBI nor the CIA can apply for and/or obtain a [Foreign Intelligence Surveillance Act ("FISA")] warrant for… Americans who have to contact foreign embassies…" (Compl. ¶ 24.) For example, Plaintiff alleges that the New York FBI field office falsified a warrant, pursuant to FISA because Carter Page advocated for President Donald J. Trump and had contacts in Russia. (Compl. ¶ 30.)

Plaintiff's Complaint asserts claims for violations of his First Amendment right to freedom of association (Count One); Fourth Amendment right to privacy (Count Two); substantive and procedural due-process rights (Count Three); violations under the equal-protection clause (Count Four); violation of the privileges and immunities clause of the Constitution (Count Five); violation of Title VII of the Civil Rights Act of 1964 (Count Six). (*See* Compl., ¶¶ 31-42.) Plaintiff seeks an injunction requiring the Special Agent in Charge of the New York Field Office of the FBI to recognize that the United States Constitution protects American citizens' right to contact the Cuban Embassy and marry foreign citizens. (Compl. at 10, 12.) He also asks for a judgment of $80,000. (Compl. at 11.)

## II. LEGAL STANDARD

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). A complaint is frivolous if it "lacks an arguable

basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. *Deutsch v. United States*, 67 F.3d 1080, 1086–87 (3d Cir. 1995). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). To survive *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (citation omitted). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In screening a complaint to verify whether it meets these standards, however, this Court is mindful that *pro se* pleadings must be construed liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

### III.  DISCUSSION

The Court finds that venue is improper in the District of New Jersey.

Pursuant to 28 U.S.C. § 1391(e)(1) civil actions against an officer or employee of the United States may "be brought in any judicial district in which (A) a defendant in the action resides,

(B) a substantial part of the events or omissions giving rise to the claim occurred, ... or (C) the plaintiff resides." A plaintiff's "choice of forum is a paramount consideration that should not lightly be disturbed." *Ayling v. Travelers Prop. Casualty Corp.*, No. 99-3243, 1999 WL 994403, at *2 (E.D. Pa. Oct. 28, 1999). "However, courts give substantially less weight to a plaintiff's forum choice when the dispute at the heart of a lawsuit occurred almost entirely in another state." *Santi v. Nat'l Bus. Recs. Mgmt.*, LLC, 722 F. Supp. 2d 602, 607 (D.N.J. 2010) (citing *NCR Credit Corp. v. Ye Seekers Horizon, Inc.*, 17 F. Supp. 2d 317, 321 (D.N.J. 1998); *Ricoh Co., Ltd. v. Honeywell, Inc.*, 817 F. Supp. 473, 481-82 (D.N.J. 1993)). "[I]f a court finds that venue is improper, it may, *sua sponte*, either dismiss the case, or if the interest in justice, transfer the case to a proper district, under Section 1406." *Scott v. Bailey*, No. CV2201155KMWMJS, 2022 WL 4104215, at *1 (D.N.J. Sept. 8, 2022) (quoting *Baptiste v. Tapestry, Inc.*, No. 2:18-CV-3275-KM-SCM, 2018 WL 3772678, at *2, 4 (D.N.J. Aug. 9, 2018)).

Here, Plaintiff makes no colorable argument that venue lies in this District, as it clearly does not. First, Plaintiff does not allege that Defendant resides in New Jersey. Second, Plaintiff alleges that the events that gave rise to his claim occurred in the "FBI field office at Rockefeller Plaza in Southern New York…" (Compl. ¶ 29.) Specifically, he alleges the FBI conducts electronic surveillance via unlawful FISA warrants from New York City. (Compl. ¶ 30.) Thus, there is no indication in Plaintiff's Complaint that any event he describes occurred in New Jersey. Third, there is no suggestion that this Court could exercise personal jurisdiction over Defendant. Specifically, Plaintiff concedes that the Southern District of New York is the correct venue. (Compl. ¶ 5.) Ultimately, no facts are alleged in the Complaint to support venue in the District of New Jersey.

"[I]f a court finds that venue is improper, it may, *sua sponte*, either dismiss the case, or if in the interest of justice, transfer the case to a proper district, under Section 1406." *Baptiste*, 2018 WL 3772678, at *2, 4 ("Having found that venue is improper, the Court may *sua sponte* consider

4

if a transfer or dismissal under Section 1406 is appropriate."). Specifically, 28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it is in the interest of justice, transfer such case to any district or division in which it could have been brought." While "the Third Circuit has established that 'district courts should generally not dismiss *in forma pauperis* complaints for improper venues,' but rather, should 'expressly consider whether the interests of justice weigh in favor of *transferring* Plaintiff's complaint instead of dismissing it.'" *Baptiste* at *4 (quoting *Fiorani v. Chrysler Grp.*, 510 F. App'x 109, 111 (3d Cir. 2013)). The Supreme Court explained that § 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal citations omitted).

Plaintiff concedes that this case was filed in the District of New Jersey with the expectation that it would be transferred to the Southern District of New York. (*See* Compl. ¶ 2); *see also Emrit v. Special Agent in Charge of FBI Field Off. in S. Dist. of New York*, No. CV 22-1572 (MN), 2023 WL 3816697, at *1 (D. Del. June 5, 2023). Specifically, Plaintiff states in his Complaint that "he has to bring this cause of action in New England and other jurisdictions in New York state because Chief Judge Loretta Preska of SDNY entered a vexatious litigant order against the plaintiff… The plaintiff [intends to] have the case transferred into the Southern District of New York (SDNY) by other jurisdictions in New England or New York." (Compl. ¶¶ 1-2.)[2] The Court finds that Plaintiff should not be allowed to circumvent the Southern District of New York's vexatious litigant order

---

[2] On May 16, 2014, the Southern District of New York issued a vexatious litigant Order against Plaintiff, which bars him from filing any new action in that court *in forma pauperis* without first obtaining permission from the Court to file. *Emrit v. Special Agent in Charge of FBI Field Office in S. Dist. of New York SDNY*, 2022 U.S. Dist. LEXIS 217536, at *1 (S.D.N.Y. Dec. 1, 2022) (citing *Emrit v. AOL Time Warner*, ECF 1:14-CV-0314, 13 (S.D.N.Y. May 16, 2014)).

by filing similar complaints in this District and others with the expectation that they will be transferred to the Southern District of New York. As Plaintiff has filed the same or similar complaint in multiple districts that have been dismissed elsewhere for reasons stated in those cases,[3] there is no cause to conclude that a transfer is in the interest of justice.

Further, the Court finds that transferring the Complaint to the appropriate venue would be a waste of judicial resources. Here, Plaintiff makes a conclusory allegation that the FBI obtained unlawful FISA warrants for thousands, if not millions, of Americans because they contacted foreign embassies. (Compl. ¶ 24.) Plaintiff provides no further factual allegations as to this claim. For these reasons, the Complaint is deficient and fails to state a claim upon which relief could be granted. The Court will not transfer this case to a district where Plaintiff is not permitted to file suit absent permission from that court. This case will be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The final inquiry is whether the dismissal of Plaintiff's claims is with or without prejudice and whether to grant him leave to amend his claims. Leave to amend is appropriate unless an amendment would be inequitable or futile. *See Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). For the reasons previously expressed, the Court finds that leave to amend any of Plaintiff's claims would be futile.

---

[3] *See*, e.g., *Emrit v. Special Agent in Charge of FBI Field Off. in S. Dist. of New York*, No. CV 22-1572 (MN), 2023 WL 3816697 (D. Del. June 5, 2023); *Emrit v. Special Agent in Charge of FBI Field Off. in S. Dist. of New York*, No. 1:22-CV-00358-JAW, 2023 WL 3221087 (D. Me. May 3, 2023); *Emrit v. Milley*, No. 1:22-CV-03690 (UNA), 2023 WL 122293 (D.D.C. Jan. 4, 2023), aff'd, No. 23-5015, 2023 WL 3596437 (D.C. Cir. May 23, 2023); *Emrit v. Special Agent in Charge of FBI Field Off., S. Dist. of New York*, No. 22-CV-517-LM, 2022 WL 18959606 (D.N.H. Nov. 21, 2022), *report and recommendation adopted sub nom. Emrit v. FNU LNU*, No. 22-CV-517-LM, 2023 WL 2403744 (D.N.H. Mar. 6, 2023); *Emrit v. Special Agent*, No. 1:22CV282-AW-HTC, 2022 WL 17824014 (N.D. Fla. Nov. 9, 2022), *report and recommendation adopted*, No. 1:22-CV-282-AW-HTC, 2022 WL 17821575 (N.D. Fla. Dec. 20, 2022); *Emrit v. Special Agent in Charge of FBI Field Off. in S. Dist. of New York*, No. 22CV06768PKCLB, 2022 WL 16837103 (E.D.N.Y. Nov. 9, 2022); *Emrit v. Special Agent*, No. 1:22CV282-AW-HTC, 2022 WL 17824014 (N.D. Fla. Nov. 9, 2022), *report and recommendation adopted*, No. 1:22-CV-282-AW-HTC, 2022 WL 17821575 (N.D. Fla. Dec. 20, 2022); and *Emrit v. Fed. Bureau of Investigation*, No. 20-CV-265-CAB-KSC, 2020 WL 731171 (S.D. Cal. Feb. 13, 2020).

IV. **CONCLUSION**

For the foregoing reasons, Plaintiff's Complaint is **DISMISSED** *with prejudice* pursuant 28 U.S.C. § 1915(e)(2)(B)(i). The Court denies leave to amend. An appropriate Order will be entered.

**DATE: 3/10/2025**

_____
HONORABLE JULIEN XAVIER NEALS
United States District Judge